

# THE ATTORNEY GENERAL
## OF TEXAS

AUSTIN, TEXAS 78711

CRAWFORD C. MARTIN
ATTORNEY GENERAL

*Reaffirms M-893*

Overruled by *H-54*
*where Conflicts*

August 16, 1971

Honorable Robert S. Calvert
Comptroller of Public Accounts
State Finance Building
Austin, Texas 78711

Opinion No. M-934

Re: Whether any certification
is now called for under
Article 4357, V.C.S.,
specifically including
purchases governed by
Article 655, V.C.S., and
whether certification is
now called for in statute
such as Article 6145-8
(Section 4-D) and 4386c
V.C.S. which do not relat
to purchases governed by
provisions of Article 65!
V.C.S.

Dear Mr. Calvert:

Your request for an official opinion from this office
is concerned with the following questions:

1. Whether any certification is now
called for under Article 4357, Vernon's Civil
Statutes, specifically including purchases
governed by the provisions of Article 655,
Vernon's Civil Statutes; and if certification
is required, who is the proper party to make
the certificate?

2. Whether verification of any kind is
now required in statutes such as Articles
6145-8 (Section 4D) and 4386c, Vernon's Civil
Statutes; and if so, who shall make the affida-
vits or verifications?

We reaffirm our opinion No. M-893-A (1971) in which
it was concluded that the Legislature clearly expressed its
intent in the enactment of House Bill 1190, Acts 62nd Legislature
R. S. 1971, to eliminate the requirement for a certification on
the invoice by the contractors or sellers and requires that such
invoices be tendered in accordance with the Board of Control
rules and regulations.  To this extent House Bill 1190 not only

amended such requirement in Article 655 but eliminated and amended such requirement in Article 4357 by necessary implication insofar as the same relates to contracts governed by the provisions of Article 655. The reasoning and authorities given in that opinion are applicable and appropriate in disposing of your first question.

House Bill 1190, Acts 62nd Legislature, R. S. 1971, does not eliminate or amend any other requirements in Article 4357 except the requirement for a certification on the invoices by the contractor or seller in contracts governed by provisions of Article 655. Therefore, the following requirements of Article 4357 are still in effect and are quoted:

> "(a) No warrant shall be prepared except on presentation to the warrant clerk of a properly audited claim, certified to its correctness, the proper auditing of which claim shall be evidenced by the initials written thereon by the person auditing the same; and such claim so certified and audited shall be sufficient and the only authority for the preparation of a warrant or warrants. . . ."

Under this question the receiving agency would have the burden of complying with the above requirements of verification.

In this regard Article 657, Vernon's Civil Statutes, has application and is quoted as follows:

> "As soon as supplies are received by a State Agency they shall be inspected by the storekeeper or person duly authorized to receive supplies, and if such supplies correspond in every particular with those covered by the contract under which they were purchased and if the invoice is correct, he shall certify that such is true and transmit to the Board of Control the original invoice and duplicate. As soon as an invoice is received for services rendered to any State Agency, if the storekeeper or person duly authorized to check such services finds that such services correspond in every particular with those services contracted for and that the invoice is correct, then he shall certify that such is true and

transmit to the State Board of Control the original invoice and duplicate. If the Board of Control finds such invoice to be correct, it shall approve and transmit same to the State Comptroller."

Thereafter, Article 658, Vernon's Civil Statutes, controls the completion of the transaction:

"When such invoice so approved by such storekeeper and by the Board of Control, shall be approved by the Comptroller, he shall draw his warrant upon the State Treasury for the amount due on the invoice or for so much thereof as has been allowed, and it shall be charged against the institution."

It is our opinion that the requirements for verification as set out in such special Articles as 6145-8 (Section 4D) and 4386c, Vernon's Civil Statutes, are not eliminated or amended by House Bill 1190, Acts 62nd Legislature, R. S. 1971, because they do not relate to purchases or contracts governed by Article 655. Consequently, the specific requirements in such articles must be carried out as well as the general requirements contained in Article 4357 stated above.

## SUMMARY

House Bill 1190, Acts 62nd Legislature, R. S. 1971, amends Article 4357, and thereby eliminates the requirements for a certification on the invoices by the contractors or sellers of all contracts and purchases governed by the provisions of Article 655, V.C.S. All other requirements set out in Articles 4357, 657, 658 and such Articles as 6145-8 (Section 4D) and 4386c, V.C.S., must be followed in all invoices prior to presentation for payment.

Very truly yours,

CRAWFORD C. MARTIN
Attorney General of Texas

Honorable Robert S. Calvert, page 4 (M-934)


Prepared by Sam L. Jones
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Kerns Taylor, Chairman
W. E. Allen, Co-Chairman

Malcolm Quick
Harriet Burke
Robert Darden
Rex H. White, Jr.

MEADE F. GRIFFIN
Staff Legal Assistant

ALFRED WALKER
Executive Assistant

NOLA WHITE
First Assistant